UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17CV-P80-JHM

**JAMES BRADLEY BUCKLES**                                                            **PLAINTIFF**

v.

**STACY JENSEN** *et al.*                                                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Bradley Buckles, a convicted inmate at the Hardin County Detention Center (HCDC), filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow others to proceed for further development.

**I.**

Plaintiff sues Stacy Jensen, whom Plaintiff identifies as an APRN, which the Court presumes is an Advance Practice Registered Nurse, employed by Southern Health Partners; and Danny Allen, the HCDC Jailer. He sues Jenson in her individual and official capacities and Allen in his official capacity only.

Plaintiff alleges violations of the Eighth Amendment's Cruel and Unusual Punishments Clause. He states that from October 2016 to the present Jensen "refused to treat (previously and currently documented) complex migrains which resulted in prolonged pain and suffering." He states, "This has happened several times. I was treated for these migrains before incarceration. [] Last instance was on or about 2-1-17." Plaintiff also maintains that from July 2016 to the present Jenson "refused to treat on going symtems of my HIV (such as lesions in adomion area, joint inflamation) causing prolonged pain and suffering." Plaintiff asserts, "I am treated by Dr. Bill

Briggs of the wings clinic at the University of Louisville Hospital. Dr. Briggs has issued several orders that Ms Jenson has never follow resulting in syemtems of my HIV worsening." He also states, "Dr. Brigg's issued a order for my Hep. C prevention shots in Aug 2016 which I did not receive till Dec 2016 after my person had been expoused to Hepitas."

As relief, Plaintiff seeks compensatory and punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that

2

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

The Court construes the complaint as alleging 42 U.S.C. § 1983 claims of deliberate indifference to serious medical needs in violation of the Eighth Amendment.

*Defendant Allen*

Plaintiff sues Allen in his official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claim against Allen as brought against his employer, Hardin County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889

3

(6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges he has been denied medical treatment. However, he does not allege that the action or inaction of any Defendant occurred as a result of a policy or custom implemented or endorsed by Hardin County. The complaint alleges an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's official-capacity claim against Allen will be dismissed for failure to state a claim upon which relief may be granted.

*Defendant Jensen*

Plaintiff sues Jensen in her official and individual capacities. The Court construes the official-capacity claim as brought against her employer, Southern Health Partners. Based on the complaint, the Court presumes that Southern Health Partners is a private entity which contracts with HCDC to provide medical care to inmates. The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation such as Southern Health Partners.[1] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810,

---

[1] "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

4

818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691 ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.")). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. As stated above, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id*. Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

However, Plaintiff does not maintain that the alleged denial of medical treatment occurred as a result of a policy or custom implemented or endorsed by Southern Health Partners. Once again, the complaint alleges isolated occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d at 348. Accordingly, Plaintiff's claim against Jensen in her official capacity will be dismissed for failure to state a claim upon which relief may be granted.

Upon review, the Court will allow Plaintiff's Eighth Amendment claim to proceed against Jensen in her individual capacity.

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against Jensen and Allen are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

5

The Clerk of Court is **DIRECTED** to terminate Allen as a party to this action.

The Court will enter a separate Order Directing Service and Scheduling Order governing the claim that has been permitted to proceed.

Date: July 24, 2017

*[signature: Joseph H. McKinley]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Hardin County Attorney
4414.010