UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17CV-P80-JHM

JAMES BRADLEY BUCKLES                                  PLAINTIFF

v.

STACY JENSEN *et al.*                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Bradley Buckles, an inmate at the Hardin County Detention Center, filed this *pro se* action under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Defendant Stacy Jensen, the only remaining Defendant in this action, filed a motion to dismiss for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. In support of the motion to dismiss, Defendant maintains that Plaintiff failed to participate in discovery or to file a pretrial memorandum in compliance with the Court's Order Directing Service and Scheduling Order. Plaintiff did not file a response to the motion. Therefore, the Court entered an Order (DN 16) on February 14, 2018, ordering Plaintiff to file a response to the motion within 30 days. That Order warned Plaintiff that his failure to file a response within the time allotted may result in dismissal of this action.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. Additionally, on April 2, 2018, the Order sent to Plaintiff was returned by the United States Postal Service marked "Return to Sender, Attempted Not Known, Unable to Forward." Plaintiff apparently is no longer housed at his address of record, and he has not advised the Court of a change of address. Therefore, neither notices from this Court nor filings by Defendant can be served on Plaintiff.

Upon filing the instant action, Plaintiff assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with prior Orders of this Court and failed to comply with this Court's Local Rules which require litigants to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."). Accordingly,

IT IS ORDERED that the motion to dismiss for lack of prosecution (DN 15) is **GRANTED**. The Court will dismiss the instant action by separate Order.

Date: April 13, 2018

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
  Counsel of record
4414.010